**BRAGAR EAGEL & SQUIRE, P.C.**
Melissa A. Fortunato (#319767)
   fortunato@bespc.com
445 S. Figueroa Street, Suite 3100
Los Angeles, CA 90071
Tel: (213) 612-7222

*Attorneys for Plaintiff*

*[Additional Counsel on Signature Page]*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SOUTHERN DIVISION

| | |
|---|---|
| JAMES CHOATE, individually and on behalf of all other similarly situated stockholders, and derivatively on behalf of KUSHCO HOLDINGS, INC., <br><br> Plaintiff, <br><br> v. <br><br> NICHOLAS KOVACEVICH, ERIC BAUM, BARBARA GOODSTEIN, DONALD HUNTER, and DALLAS IMBIMBO, <br><br> Defendants, <br><br> and <br><br> KUSHCO HOLDINGS, INC., <br><br> Nominal Defendant | Case No. __:___-cv-_____ <br><br> **STOCKHOLDER DERIVATIVE AND CLASS ACTION COMPLAINT** <br><br> JURY TRIAL DEMANDED <br> (1) Breach of Fiduciary Duty <br> (2) Declaratory Judgment |

///

---

STOCKHOLDER DERIVATIVE AND CLASS ACTION COMPLAINT

Plaintiff James Choate ("Plaintiff"), individually and on behalf of all other similarly situated stockholders of KushCo Holdings, Inc. ("KushCo" or the "Company") and derivatively on behalf of KushCo, brings this Stockholder Derivative and Class Action Complaint ("Complaint") against certain members of KushCo's board of directors (the "Board"), namely: Nicholas Kovacevich ("Kovacevich"), Eric Baum ("Baum"), Barbara Goodstein ("Goodstein"), Donald Hunter ("Hunter"), and Dallas Imbimbo ("Imbimbo") (collectively, the "Individual Defendants"). Plaintiff's allegations are based upon his knowledge as to facts concerning himself and otherwise upon information and belief, including the investigation conducted by his attorneys and a review of public information, including news reports and documents filed with the U.S. Securities and Exchange Commission ("SEC").

## I.    Introduction

1.    Plaintiff brings this class and derivative action on behalf of himself, other KushCo stockholders, and the Company against the Board in connection with its implementation of, and issuance of shares of KushCo stock pursuant to, an invalid amendment of the KushCo Holdings, Inc. 2016 Stock Incentive Plan (the "2016 Plan"). According to the Individual Defendants, at the annual meeting held on February 21, 2019 (the "2019 Annual Meeting"), stockholders approved an amendment which purported to increase the maximum number of shares authorized for issuance under the 2016 Plan by 3,000,000 shares (the "Purported Amendment"). However, stockholders did not actually approve the Purported Amendment under the Company's applicable voting standard.

2.    Article II, Section 8 of the Bylaws of Kush Bottles, Inc. (the Company's "Bylaws")[1] requires that, unless the Company's articles of incorporation or a statute provides otherwise, "the vote of the holders of *a majority of the stock having voting*

---

[1] KushCo was previously known as Kush Bottles, Inc.

***power*** present in person or represented by proxy shall decide any question brought before such meeting," (Emphasis added).

3.     The Company has acknowledged that this standard counts abstentions and so-called "broker non-votes"—*i.e.*, shares present at a meeting and held in street name by a broker on behalf of a beneficial owner who did not provide instructions on how to vote the shares—as votes against the proposal. Specifically, in a Form 8-K Current Report which KushCo filed with the SEC on February 24, 2020 (the "February 2020 8-K") to announce the results of votes on stockholder proposals considered at the annual meeting held on February 20, 2020 (the "2020 Annual Meeting"), KushCo acknowledged that a subsequent "amendment to the Company's 2016 Stock Incentive Plan to increase the maximum number of shares authorized for issuance thereunder by 10,000,000 shares was not approved due to the inclusion of broker non-votes."

4.     Notwithstanding KushCo's Bylaws, Defendants asserted that only the affirmative vote of a majority of votes cast on the matter were required for the Purported Amendment to carry. Specifically, on December 28, 2018, the Company filed a proxy statement with the SEC pertaining to the 2019 Annual Meeting (the "2019 Proxy") in which the Board solicited stockholders' approval of the Purported Amendment. Therein, the Board claimed that approval of the Purported Amendment "require[d] the affirmative vote of a majority of the votes cast at the Annual Meeting in person or by proxy." (2019 Proxy at 2).

5.     After the Company held the vote, the Board counted stockholders' votes under the incorrect "votes cast" standard erroneously explicated in the 2019 Proxy. Based on this incorrect standard, the Board declared that the Purported Amendment had carried and subsequently awarded invalid equity grants. In deeming the Purported Amendment "approved" notwithstanding the objective failure of the vote, the Board ignored the will of KushCo stockholders and breached its members' fiduciary duties.

---

STOCKHOLDER DERIVATIVE AND CLASS ACTION COMPLAINT

6.      Through this complaint, Plaintiff brings claims for breach of fiduciary duty and declaratory relief to void the Purported Amendment and otherwise remedy the harm resulting from Defendants' false disclosure, wrongful tabulation of stockholders' votes, and unlawful implementation of the Purported Amendment.

## II.    Jurisdiction

7.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a). The matter in controversy exceeds $75,000.00, exclusive of interests and costs. Plaintiff is a citizen of Idaho and no defendant is a citizen of Idaho. This Court has supplemental jurisdiction over Plaintiff's class claim and claim for declaratory relief, pursuant to 28 U.S.C. § 1367(a) because those claims are sufficiently related to Plaintiff's derivative claim, over which this Court has original jurisdiction, that they form part of the same case or controversy under Article III of the United States Constitution.

8.      This action is not a collusive one to confer jurisdiction on a court of the United States which it would not otherwise have.

9.      Venue is proper in this district because nominal defendant KushCo is headquartered in this district.

## III.   Parties

### A.    Plaintiff

10.     Plaintiff James Choate is, and has continuously been, a KushCo stockholder at all relevant times. Plaintiff is a citizen of the State of Idaho.

### B.    Defendants

11.     Nominal Defendant KushCo Holdings, Inc. is a Nevada corporation which maintains its principal executive offices at 6261 Katella Ave Ste 250, Cypress, California, 90630. KushCo is a citizen of the State of Nevada and the State of California.

12.     Defendant Kovacevich is KushCo's Chief Executive Officer ("CEO") and Chairman of the Board ("Chairman"). Kovacevich served as Chief Operating

---

Officer of the Company from December 2010 until August 29, 2014, at which time he was appointed CEO. Kovacevich has been a KushCo director since 2010. Kovacevich is a citizen of the State of California.

13.     Defendant Baum has been a KushCo director since 2017. Baum is a citizen of the State of New York.

14.     Defendant Goodstein has been a KushCo director since 2017. Goodstein is a citizen of the State of New York.

15.     Defendant Hunter has been a KushCo director since February 1, 2018. Hunter is a citizen of the State of Massachusetts.

16.     Defendant Imbimbo has been a KushCo director since 2010. Imbimbo previously served as Chairman from 2010 until November 2017, when Kovacevich became Chairman. Imbibo is a citizen of the State of California.

**IV.    Further Substantive Allegations**

**A.    KushCo's Bylaws and Stockholder Voting Standard**

17.     KushCo was founded in 2010 and incorporated in the state of Nevada on February 26, 2014. In its most recent annual report, the Company described itself as "market[ing] and sell[ing] a wide variety of complementary products and services to customers operating in the regulated medical and recreational cannabis and cannabidiol (CBD) industries." These products and services "include packaging products, vape hardware, hydrocarbons and solvents, natural products, stainless steel tanks, custom branded anti-counterfeit and authentication labels, processing supplies, accessories, branding solutions, and retail services focused on CBD mass distribution, industry education and compliance."

18.     On March 7, 2014, the Board, as it was then constituted, approved the Bylaws by unanimous written consent, as attested by Imbimbo in the certificate attached to the Bylaws.

19.     Article II, Section 8 of the Bylaws, pertaining to voting at meetings of stockholders, provides in relevant part:

> When a quorum is present or represented at any meeting, the vote of the holders of a majority of the stock having voting power present in person or represented by proxy shall decide any question brought before such meeting, unless the question is one upon which by express provision of the statutes or of the articles of incorporation a different vote is required in which case such express provision shall govern and control the decision of such question. Every stockholder of record of the corporation shall be entitled at each meeting of stockholders to one vote for each share of stock standing in his name on the books of the corporation.

20.    This standard requires that "Votes Abstained" and "Broker Non-Votes"[2] have the same effect as "Votes Against" a proposal, as such shares are included in calculating the voting power present in person or represented by proxy at the meeting and are not "Votes For" a proposal.

21.    Indeed, the Individual Defendants confirmed as much the following year. In a proxy statement that KushCo filed with the SEC on January 8, 2020 pertaining to the 2020 Annual Meeting (the "2020 Proxy"), the Board correctly acknowledged that approval of a proposed increase in the number of shares available for issuance under the 2016 Plan "require[d] the *affirmative vote of a majority of the shares having voting power present or represented by proxy* at the Annual Meeting." (2020 Proxy at 2 (using the language in KushCo's Bylaws)). Next, the Individual Defendants described the correct treatment of "Votes Abstained" and "Broker Non-Votes":

> Any shares present in person or represented by proxy at the Annual Meeting but not voted (whether by abstention, broker non-vote or otherwise) will have the same effect as a vote against [the proposal].

---

[2] A broker non-vote occurs in connection with shares held by a broker "in street name" for a beneficial holder – *i.e.*, the stockholder's stock is held beneficially by a broker.  To vote shares held in street name, a stockholder instructs the broker how to vote the voting power of the shares. Such instructions may include voting for the proposal, voting against the proposal, or abstaining from the vote. When a stockholder does not give voting instructions, the broker has authority to vote the shares using their discretion on "routine" proposals. With respect to "non-routine" proposals, the broker has no such authority and records a "broker non-vote" if the stockholder has not provided voting instructions.

---

(*Id.*).

22.    In the February 2020 8-K, the Company reported the vote did not carry based on the following results:

| Votes For | Votes Against | Votes Abstained | Broker Non-Votes |
|---|---|---|---|
| 18,875,537 | 3,721,638 | 216,274 | 45,200,432 |

23.    KushCo expressly disclosed that the proposed amendment to the 2016 Plan "was not approved due to the inclusion of broker non-votes."

24.    Article II, Section 8 of the Bylaws was in force at the time of both the 2019 Annual Meeting, when the Board solicited approval of the Purported Amendment, and the 2020 Annual Meeting.

**B.    The Board Seeks Stockholder Approval of the Purported Amendment**

25.    On December 28, 2018, the Company filed the 2019 Proxy with the SEC. In the Proxy, the Board solicited stockholder approval of the Purported Amendment at the 2019 Annual Meeting. Notwithstanding the voting standard mandated by the Company's Bylaws, the Board erroneously told stockholders that approval of the Purported Amendment "require[d] the affirmative vote of a majority of the votes cast at the Annual Meeting in person or by proxy." (2019 Proxy at 2).

26.    On February 22, 2019, the Company filed a Form 8-K Current Report (the "February 2019 8-K") with the SEC in which the Company announced that "[t]he amendment to the Company's 2016 Stock Incentive Plan to increase the maximum number of shares authorized for issuance thereunder by 3,000,000 shares [*i.e.*, the Purported Amendment] was approved."

27.    In the February 2019 8-K, the Company announced the voting results that supposedly resulted in approval of the Purported Amendment:

| Votes For | Votes Against | Votes Abstained | Broker Non-Votes |
|---|---|---|---|
| 32,468,450 | 1,190,522 | 149,871 | 33,594,664 |

STOCKHOLDER DERIVATIVE AND CLASS ACTION COMPLAINT

C.    **KushCo's Stockholders Rejected the Purported Amendment**

28.    The foregoing results make clear that KushCo's stockholders did not approve the Purported Amendment.

29.    Per the Company's Bylaws and disclosures in the 2020 Proxy, shares that are voted as "Votes For", "Votes Against", "Votes Abstained", and "Broker Non-Votes" are all included in determining whether a proposal carries, with "Votes Against", "Votes Abstained", and "Broker Non-Votes" all counting as votes against the proposal.

30.    As such, when the stockholder vote is correctly counted, the summation of 34,935,057 "Votes Against", "Votes Abstained", and "Broker Non-Votes" was greater than the 32,935,450 "Votes For" the Purported Amendment.

31.    When the Individual Defendants calculated the stockholder vote, it appears that they only looked at "Votes For" and "Votes Against" the Purported Amendment. This incorrect "votes cast" standard is inconsistent with and violates the Company's Bylaws.

32.    The Individual Defendants recognized as much when tabulating the results of the failed attempt to amend the 2016 Plan through a proposal 3 in the 2020 Proxy. Unfortunately, when issuing the 2020 Proxy, the Individual Defendants did not see fit to correct the false statements they had made in the 2019 Proxy or inform stockholders that the Purported Amendment had never actually been approved.

D.    **Defendants Have Issued Invalid Equity Awards**

33.    Despite the objective failure of the Purported Amendment, the Individual Defendants proceeded as if the Purported Amendment had carried and made use of the "additional" three million shares supposedly added to the 2016 Plan by issuing

---

themselves and others stock awards covering at least 2,444,974[3] KushCo shares of stock.

34. Among other awards, the Board members issued the following invalid awards to themselves and others at KushCo:

| Name | Title | Date | Type of Equity Award | Number of Shares Covered by the Award |
|---|---|---|---|---|
| Peter A. Kadens ("Kadens") | Director | 6/1/2020 | Restricted Stock Unit | 95,502 |
| Dallas Imbimbo | Director | 1/15/2020 | Restricted Stock Unit | 43,604 |
| Donald H. Hunter | Director | 1/15/2020 | Restricted Stock Unit | 43,604 |
| Eric Baum | Director | 1/15/2020 | Restricted Stock Unit | 43,604 |
| Barbara Goodstein | Director | 1/15/2020 | Restricted Stock Unit | 43,604 |
| Rodrigo de Oliveira | Chief Operating Officer | 1/15/2020 | Restricted Stock Unit | 40,698 |
| Jason Vegotsky | Chief Revenue Officer | 1/15/2020 | Restricted Stock Unit | 49,419 |
| Christopher Tedford | Chief Financial Officer | 1/15/2020 | Restricted Stock Unit | 40,698 |
| Nicholas Kovacevich | CEO and Chairman | 1/15/2020 | Restricted Stock Unit | 58,140 |
| Rodrigo de Oliveira | Chief Operating Officer | 12/2/2019 | Restricted Stock | 33,139 |
| Jason Vegotsky | Chief Revenue Officer | 12/2/2019 | Restricted Stock | 33,139 |
| Christopher Tedford | Chief Financial Officer | 12/2/2019 | Restricted Stock | 15,769 |
| Nicholas Kovacevich | CEO and Chairman | 12/2/2019 | Restricted Stock | 43,604 |

[3] According to the 2020 Proxy, as of August 31, 2019, there were 1,139,550 shares remaining available for future issuances under the 2016 Plan. The Company has since awarded at least 584,524 shares to its executives and directors. Therefore, there are about 555,026 shares left remaining available for future issuances under the 2016 Plan.

| Name | Title | Date | Type of Equity Award | Number of Shares Covered by the Award |
|---|---|---|---|---|
| Christopher Tedford | Chief Financial Officer | 3/1/2019 | Stock Options | 100,000 |
| Jason Vegotsky | Chief Revenue Officer | 3/1/2019 | Restricted Stock | 75,000 |
| Jason Vegotsky | Chief Revenue Officer | 3/1/2019 | Stock Options | 250,000 |
| Rodrigo de Oliveira | Chief Operating Officer | 3/1/2019 | Stock Options | 100,000 |
| | | | **Total =** | **1,109,524** |

35.    Because the Purported Amendment was not approved by KushCo's stockholders, each of the above awards was issued in violation of the 2016 Plan.

**V.    Class Action Allegations**

36.    Plaintiff, a stockholder in the Company, brings this action as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of all similarly situated KushCo stockholders (the "Class"). Excluded from the Class are Defendants named herein and any person, firm, trust, corporation, or other entity related to or affiliated with any Defendant.

37.    This action is properly maintainable as a class action.

38.    The Class is so numerous that joinder of all members is impracticable. As of July 7, 2020, there were 125,576,568 outstanding shares of KushCo common stock.

39.    There are questions of law and fact which are common to the Class, including, *inter alia*, whether:

a.    Whether the Individual Defendants breached their fiduciary duties to KushCo stockholders;

b.    Whether Defendants violated the Company's Bylaws by miscounting votes on the Purported Amendment; and

---

STOCKHOLDER DERIVATIVE AND CLASS ACTION COMPLAINT

      c.     Whether Plaintiff and the other members of the Class are entitled to declaratory relief.

40.    Plaintiff is committed to prosecuting this action, is an adequate representative of the Class, and has retained competent counsel experienced in litigation of this nature.

41.    Plaintiff's claims are typical of those of the other members of the Class.

42.    Plaintiff has no interests that are adverse to the Class.

43.    Defendants' actions have affected Plaintiff and all other Class members alike, such that injunctive and/or corresponding declaratory relief with respect to the entire Class is appropriate.

44.    The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications for individual members of the Class, which may as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede other members' ability to protect their interests. Litigation of separate actions would also create the risk of establishing incompatible standards of conduct for the party opposing the Class.

45.    Plaintiff anticipates that there will be no difficulty in the management of this litigation.  A class action is superior to other available methods for the fair and efficient adjudication of this controversy, and common questions of law and fact predominate over individual inquiries.

## VI.    Derivative and Demand Futility Allegations

46.    Plaintiff has not made a demand on the Board to institute this action against Defendants because, for the reasons detailed herein, any such demand would have been futile.

47.    At the time this action was filed, KushCo's Board was comprised of Kovacevich, Baum, Goodstein, Hunter, Kadens, and Imbimbo.

---

STOCKHOLDER DERIVATIVE AND CLASS ACTION COMPLAINT

48.    Demand is excused because each of the Individual Defendants faces a substantial likelihood of liability for breaching their fiduciary duties to KushCo stockholders.

49.    Each member of the Board owes KushCo stockholders the utmost fiduciary duty of loyalty. In violation of this duty, the Individual Defendants caused the Company to disseminate false and misleading disclosures in the 2019 Proxy concerning the voting threshold necessary for approval of the Purported Amendment. Thereafter, the Individual Defendants wrongly tabulated the results of stockholders' vote on the Purported Amendment, declared that the Purported Amendment had been approved when it had not, and proceeded to issue equity awards covering shares supposedly "authorized" by the Purported Amendment.

50.    Because such breaches cannot be indemnified by the Company, the Individual Defendants face a substantial likelihood of liability for their misconduct and therefore as a matter of law cannot consider any stockholder demand that the Board to take action in an independent and disinterested fashion. Accordingly, demand is futile as to the entire Board.

51.    Demand is also futile as to the entire Board because the Individual Defendants and Kadens received equity awards covering shares supposedly "authorized" by the Purported Amendment. Each member of the Board is therefore personally interested in the subject matter of this Complaint and as a result is incapable as a matter of law of considering any stockholder demand requiring the Board to take action in an independent and disinterested fashion. For this additional reason, demand is futile as to the entire Board.

VII.   **Claims for Relief**

**COUNT I**
BREACH OF FIDUCIARY DUTY
*(Direct Claim against the Individual Defendants)*

52.    Plaintiff realleges each allegation pleaded above.

53.     The Individual Defendants owe fiduciary duties to KushCo stockholders, including the duties of care, disclosure, good faith, and loyalty.

54.     By virtue of their positions as directors and/or officers of KushCo and/or their exercise of control and ownership over the business and corporate affairs of the Company, the Individual Defendants have, and at all relevant times had, the power to control and influence and did control and influence and cause the Company to engage in the practices complained of herein. Each Individual Defendant was required to cause the Company to accurately count stockholders' votes and comply with the Company's Bylaws.

55.     The Individual Defendants failed to fulfill their fiduciary duties by ignoring the outcome of the vote and acting as if the stockholders had voted to approve the Purported Amendment when, in fact, they did not.

56.     As a result of these actions of the Individual Defendants, Plaintiff and the members of the Class have been and will be injured.

57.     Plaintiff has no adequate remedy at law.

**COUNT II**
BREACH OF FIDUCIARY DUTY
*(Derivative Claim against the Individual Defendants)*

58.     Plaintiff realleges each allegation pleaded above.

59.     The Individual Defendants owe fiduciary duties to KushCo, including the duties of care, disclosure, good faith, and loyalty.

60.     By virtue of their positions as directors and/or officers of KushCo and/or their exercise of control and ownership over the business and corporate affairs of the Company, the Individual Defendants have, and at all relevant times had, the power to control and influence and did control and influence and cause the Company to engage in the practices complained of herein. Each Individual Defendant was required to comply with the terms of the Company's 2016 Plan when issuing equity awards. Notwithstanding the foregoing, the Individuals Defendants caused Company to issue

invalid equity awards that were not authorized under the 2016 Plan because the Purported Amendment was never approved by KushCo's stockholders.

61.    The Individual Defendants failed to fulfill their fiduciary duties by issuing such equity awards contrary to the 2016 Plan.

62.    As a result of these actions of the Individual Defendants, the Company has been harmed.

63.    The Company has no adequate remedy at law.

**COUNT III**
DECLARATORY RELIEF
*(Direct Claim against All Defendants)*

64.    Plaintiff incorporates by reference and realleges each allegation set forth above.

65.    The facts and circumstances pleaded herein have given rise to an actual controversy which currently exists between Plaintiff, on one hand, and Defendants, on the other hand, concerning their respective rights and duties under Nevada law.

66.    By improperly counting Class members' votes on the Purported Amendment, Defendants have violated the Company's Bylaws and held out the Purported Amendment as approved when no such approval was ever secured.

67.    Plaintiff desires a judicial determination and declaration that the Purported Amendment is void because it was not approved by KushCo stockholders.

68.    A judicial declaration is necessary and appropriate at this time under the circumstances in order that KushCo stockholders' voting rights may be protected and no further equity awards are issued under the invalid Purported Amendment.

**VIII.   PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests entry of an order:

A.    Declaring that the Purported Amendment was not approved by stockholders and is therefore void;

B.    Finding the Individual Defendants liable for breaching their fiduciary duties;

---

STOCKHOLDER DERIVATIVE AND CLASS ACTION COMPLAINT

1     C.   Certifying the proposed Class and awarding its members compensatory

2   damages, together with pre- and post-judgment interest;

3     D.   Awarding Plaintiff the costs and disbursements of this action, including

4   attorneys, accountants, and experts' fees; and

5     E.   Awarding such other and further relief as is just and equitable.

6

7   Dated: October 1, 2020      Respectfully submitted,

8               **BRAGAR EAGEL & SQUIRE, P.C.**

9   OF COUNSEL:      _/s/ Melissa A. Fortunato_

10  **FIELDS KUPKA & SHUKUROV LLP**    Melissa A. Fortunato (#319767)

11  William J. Fields        fortunato@bespc.com
  (wfields@fksfirm.com)     445 S. Figueroa Street, Suite 3100

12  Christopher J. Kupka      Los Angeles, CA 90071
  (ckupka@fksfirm.com)     Tel: (213) 612-7222

13  Samir Shukurov

14    (sshukurov@fksfirm.com)    _Attorneys for Plaintiff_

15  1370 Broadway, 5th Floor – #5100
New York, New York 10018

16  (T) 212.231.1500
(F) 646.851.0076

17

18

19

20

21

22

23

24

25

26

27

28

**VERIFICATION**

I, James Choate, hereby verify that I have authorized the filing of the attached Verified Stockholder Derivative and Class Action Complaint, that I have reviewed the Verified Stockholder Derivative and Class Action Complaint and that the facts therein are true and correct to the best of my knowledge, information and belief. I declare under penalty of perjury that the foregoing is true and correct.

September 29 , 2020


Jimi Choate (Sep 29, 2020 12:41 MDT)
James Choate