**BRAGAR EAGEL & SQUIRE, P.C.**
Melissa A. Fortunato (#319767)
  fortunato@bespc.com
445 S. Figueroa Street, Suite 3100
Los Angeles, CA 90071
Tel: (213) 612-7222

*Attorneys for Plaintiff*

*[Additional Counsel on Signature Page]*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SOUTHERN DIVISION

|  |  |
|---|---|
| JAMES CHOATE, individually and on behalf of all other similarly situated stockholders, and derivatively on behalf of KUSHCO HOLDINGS, INC., <br><br> Plaintiff, <br><br> v. <br><br> NICHOLAS KOVACEVICH, ERIC BAUM, BARBARA GOODSTEIN, DONALD HUNTER, DALLAS IMBIMBO, and PETE KADENS, <br><br> Defendants, <br><br> and <br><br> KUSHCO HOLDINGS, INC., <br><br> Nominal Defendant. | Case No. 8:20-cv-01904-JLS-KES <br><br> **VERIFIED FIRST AMENDED STOCKHOLDER DERIVATIVE AND CLASS ACTION COMPLAINT** <br><br> JURY TRIAL DEMANDED <br> (1) Breach of Fiduciary Duty – Direct <br> (2) Breach of Fiduciary Duty – Derivative <br> (3) Declaratory Judgment |

///

///

///

///

///

Plaintiff James Choate ("Plaintiff"), individually and on behalf of all other similarly situated stockholders of KushCo Holdings, Inc. ("KushCo" or the "Company") and derivatively on behalf of KushCo, brings this Verified First Amended Stockholder Derivative and Class Action Complaint ("Complaint") against the members of KushCo's board of directors (the "Board"), namely: Nicholas Kovacevich ("Kovacevich"), Eric Baum ("Baum"), Barbara Goodstein ("Goodstein"), Donald Hunter ("Hunter"), Dallas Imbimbo ("Imbimbo"), and Pete Kadens ("Kadens") (collectively, the "Individual Defendants"). Plaintiff's allegations are based upon his knowledge as to facts concerning himself and otherwise upon information and belief, including the investigation conducted by his attorneys and a review of public information, including news reports, documents filed with the U.S. Securities and Exchange Commission ("SEC"), and court filings.

## I.    Introduction

1.     Plaintiff brings this class and derivative action on behalf of himself, other KushCo stockholders, and the Company against the Board in connection with its implementation of, and issuance of shares of KushCo stock pursuant to, an invalid amendment of the KushCo Holdings, Inc. 2016 Stock Incentive Plan (the "2016 Plan"). According to the Individual Defendants, at the annual meeting held on February 21, 2019 (the "2019 Annual Meeting"), stockholders approved an amendment which purported to increase the maximum number of shares authorized for issuance under the 2016 Plan by 3,000,000 shares (the "Purported Amendment"). However, stockholders did not actually approve the Purported Amendment under the Company's applicable voting standard.

2.     Article II, Section 8 of the then-operative Bylaws of Kush Bottles, Inc. (the Company's "Bylaws")[1] required that, unless the Company's articles of incorporation or a statute provides otherwise, "the vote of the holders of ***a majority***

---

[1] KushCo was previously known as Kush Bottles, Inc.

*of the stock having voting power* present in person or represented by proxy shall decide any question brought before such meeting" (the "Bylaws Standard"). (Emphasis added).

3.      According to the Company's interpretation of the Bylaws Standard, abstentions and so-called "broker non-votes"—*i.e.*, shares present at a meeting and held in street name by a broker on behalf of a beneficial owner who did not provide instructions on how to vote the shares— are counted as votes against proposals submitted to votes at meetings of KuschCo's stockholders. Specifically, in a proxy statement which KushCo filed with the SEC on January 8, 2020 (the "2020 Proxy") pertaining to the annual meeting held on February 20, 2020 (the "2020 Annual Meeting"), the Company disclosed that the Bylaws Standard should be satisfied for proposals (other than a director election proposal) to carry. The 2020 Proxy further stated, under the Bylaws Standard, an abstention or a broker non-vote would "have the same effect as a vote against" proposals.

4.      Notwithstanding the Bylaws Standard, Defendants asserted that only the affirmative vote of *a majority of votes cast* on the matter were required for the Purported Amendment to carry. Specifically, on December 28, 2018, the Company filed a proxy statement with the SEC pertaining to the 2019 Annual Meeting (the "2019 Proxy") in which the Board solicited stockholders' approval of the Purported Amendment. Therein, the Board incorrectly claimed that approval of the Purported Amendment "require[d] the affirmative vote of a majority of the votes cast at the Annual Meeting in person or by proxy", and that abstentions and broker non-votes would "have no impact". (2019 Proxy at 2).

5.      After the Company held the vote, the Board counted stockholders' votes under the incorrect "votes cast" standard erroneously explicated in the 2019 Proxy. After Plaintiff filed the initial complaint in this action, Defendants conceded in this Court that the Board tabulated stockholders' votes on the proposal to approve the Purported Amendment pursuant to a less stringent "votes cast" standard, rather than

the Bylaws Standard.

6.     Based on this incorrect standard, the Board intentionally disregarded the actual effect of abstentions and broker non-votes, declared that the proposal to approve the Purported Amendment had carried, and subsequently awarded invalid equity grants. In deeming the Purported Amendment "approved" notwithstanding the objective failure of the vote, the Board ignored the will of KushCo stockholders and breached its members' fiduciary duties.

7.     Through this complaint, Plaintiff brings claims for breach of fiduciary duty and declaratory relief to void the Purported Amendment and otherwise remedy the harm resulting from Defendants' knowingly false disclosure, wrongful tabulation of stockholders' votes, and unlawful implementation of the Purported Amendment.

## II.     Jurisdiction

8.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a). The matter in controversy exceeds $75,000.00, exclusive of interests and costs. Plaintiff is a citizen of Idaho and no defendant is a citizen of Idaho. This Court has supplemental jurisdiction over Plaintiff's class claim and claim for declaratory relief, pursuant to 28 U.S.C. § 1367(a) because those claims are sufficiently related to Plaintiff's derivative claim, over which this Court has original jurisdiction, that they form part of the same case or controversy under Article III of the United States Constitution.

9.     This action is not a collusive one to confer jurisdiction on a court of the United States which it would not otherwise have.

10.     Venue is proper in this district because nominal defendant KushCo is headquartered in this district.

## III.     Parties

### A.     Plaintiff

11.     Plaintiff James Choate is, and has continuously been, a KushCo stockholder at all relevant times.  Plaintiff is a citizen of the State of Idaho.

**B.     Defendants**

12.     Nominal Defendant KushCo Holdings, Inc. is a Nevada corporation which maintains its principal executive offices at 6261 Katella Ave Ste 250, Cypress, California, 90630. KushCo is a citizen of the State of Nevada and the State of California.

13.     Defendant Nicholas Kovacevich is KushCo's Chief Executive Officer ("CEO") and Chairman of the Board ("Chairman"). Kovacevich served as Chief Operating Officer of the Company from December 2010 until August 29, 2014, at which time he was appointed CEO. Kovacevich has been a KushCo director since 2010. Kovacevich is a citizen of the State of California.

14.     Defendant Eric Baum has been a KushCo director since 2017. Baum is a citizen of the State of New York.

15.     Defendant Barbara Goodstein has been a KushCo director since 2017. Goodstein is a citizen of the State of New York.

16.     Defendant Donald Hunter has been a KushCo director since February 1, 2018. Hunter is a citizen of the State of Massachusetts.

17.     Defendant Dallas Imbimbo has been a KushCo director since 2010. Imbimbo previously served as Chairman from 2010 until November 2017, when Kovacevich became Chairman. Imbimbo is a citizen of the State of California.

18.     Defendant Pete Kadens was appointed to KushCo's Board effective as of June 1, 2020, after the Board increased its size from five to six directors on May 28, 2020. Kadens is a citizen of the State of Illinois.

**IV.     Further Substantive Allegations**

**A.     KushCo's Bylaws and Stockholder Voting Standard.**

19.     KushCo was founded in 2010 and incorporated in the state of Nevada on February 26, 2014. In its most recent annual report, the Company described itself as "market[ing] and sell[ing] a wide variety of complementary products and services to customers operating in the regulated medical and recreational cannabis and

cannabidiol (CBD) industries." These products and services "include packaging products, vape hardware, hydrocarbons and solvents, natural products, stainless steel tanks, custom branded anti-counterfeit and authentication labels, processing supplies, accessories, branding solutions, and retail services focused on CBD mass distribution, industry education and compliance."

20.    On March 7, 2014, the Board, as it was then constituted, approved the Bylaws by unanimous written consent, as attested by Imbimbo in the certificate attached to the Bylaws.

21.    Article II, Section 8 of the Bylaws, pertaining to voting at meetings of stockholders, provided in relevant part:

> When a quorum is present or represented at any meeting, the vote of the holders of *a majority of the stock having voting power present in person or represented by proxy shall decide any question* brought before such meeting, unless the question is one upon which by express provision of the statutes or of the articles of incorporation a different vote is required in which case such express provision shall govern and control the decision of such question. Every stockholder of record of the corporation shall be entitled at each meeting of stockholders to one vote for each share of stock standing in his name on the books of the corporation.

(Emphasis added).

22.    This standard required that abstentions and broker non-votes[2] be afforded the same effect as votes against a proposal, as such shares were included in calculating the voting power present in person or represented by proxy at a meeting

---

[2] A broker non-vote occurs in connection with shares held by a broker "in street name" for a beneficial holder – *i.e.,* the stockholder's stock is held beneficially by a broker. To vote shares held in street name, a stockholder instructs the broker how to the vote the voting power of the shares. Such instructions may include voting for the proposal, voting against the proposal, or abstaining from the vote. When a stockholder does not give voting instructions, the broker has authority to vote the shares using their discretion on "routine" proposals. With respect to "non-routine" proposals, the broker has no such authority and records a "broker non-vote" if the stockholder has not provided voting instructions.

and were not votes for a proposal.

23.     Indeed, the Board confirmed as much the year after the 2019 Annual Meeting. In the 2020 Proxy, the Board solicited stockholder approval of a proposal to amend the 2016 Plan to increase the maximum number of shares authorized for issuance thereunder by 10,000,000 shares (the "2020 Proposal"). The Board correctly acknowledged that approval of the 2020 Proposal "require[d] the ***affirmative vote of a majority of the shares having voting power present or represented by proxy*** at the Annual Meeting." (2020 Proxy at 2 (using the language in KushCo's Bylaws)). Next, the Board described the correct treatment of "Votes Abstained" and "Broker Non-Votes":

> Any shares present in person or represented by proxy at the Annual Meeting but not voted (whether by abstention, broker non-vote or otherwise) will have the same effect as a vote against [the proposal].

(*Id.*).

24.     In a Form 8-K Current Report which KushCo filed with the SEC on February 24, 2020 (the "February 2020 8-K") to announce the results of votes on the proposals submitted to stockholders at the 2020 Annual Meeting, the Company reported that the 2020 Proposal "was not approved due to the inclusion of broker non-votes" based on the following results:

| Votes For | Votes Against | Votes Abstained | Broker Non-Votes |
| --- | --- | --- | --- |
| 18,875,537 | 3,721,638 | 216,274 | 45,200,432 |

25.     The Bylaws Standard, set forth in Article II, Section 8 of the Bylaws, was in force at the time of both the 2019 Annual Meeting, when the Board solicited approval of the Purported Amendment, and the 2020 Annual Meeting.[3]

---

[3] In fact, until the Company amended its Bylaws on July 6, 2020, it held three annual meetings of KushCo stockholders in 2018, 2019, and 2020, and the only time it disclosed the actual Bylaws Standard was in 2020. The Company disclosed the incorrect "votes cast" standard before the 2018 annual meeting of stockholders, just as it did in the 2019 Proxy filed before the 2019 Annual Meeting.

**B.    The Board Seeks Stockholder Approval of the Purported Amendment.**

26.    On December 28, 2018, the Company filed the 2019 Proxy with the SEC. In the Proxy, the Board solicited stockholder approval of the Purported Amendment at the 2019 Annual Meeting (the "2019 Proposal"). Notwithstanding the voting standard mandated by the Company's Bylaws, the Board erroneously told stockholders that approval of the 2019 Proposal "require[d] the affirmative vote of a majority of the votes cast at the Annual Meeting in person or by proxy." (2019 Proxy at 2).

27.    On February 22, 2019, the Company filed a Form 8-K Current Report (the "February 2019 8-K") with the SEC in which the Company announced that "[t]he amendment to the Company's 2016 Stock Incentive Plan to increase the maximum number of shares authorized for issuance thereunder by 3,000,000 shares [*i.e.*, the Purported Amendment] was approved."

28.    In the February 2019 8-K, the Company announced the voting results that supposedly resulted in approval of the 2019 Proposal:

| Votes For | Votes Against | Votes Abstained | Broker Non-Votes |
|---|---|---|---|
| 32,468,450 | 1,190,522 | 149,871 | 33,594,664 |

29.    In subsequent filings with the SEC, the Company has disclosed that the limit on the number of shares authorized for issuance under the 2019 Plan was purportedly increased to 18,000,000 as a result of the Purported Amendment.

**C.    KushCo's Stockholders Rejected the Purported Amendment.**

30.    The foregoing results, however, make clear that KushCo's stockholders did not approve the 2019 Proposal to adopt the Purported Amendment.

31.    Per the Company's Bylaws—as confirmed in disclosures in the 2020 Proxy the following year—shares that are voted as "Votes For", "Votes Against", "Votes Abstained", and "Broker Non-Votes" are all included in determining whether a proposal carries, such that "Votes Against", "Votes Abstained", and "Broker Non-

Votes" all should have counted as votes against the 2019 Proposal.

32.     As such, when the stockholder vote is correctly counted pursuant to the Bylaws Standard, the summation of 34,935,057 "Votes Against", "Votes Abstained", and "Broker Non-Votes" was greater than the 32,935,450 "Votes For" the Purported Amendment.

33.     When the Board calculated the stockholder vote, it appears that its members only looked at "Votes For" and "Votes Against" the Purported Amendment. This incorrect "votes cast" standard is inconsistent with and violates the Company's Bylaws.

34.     The Board recognized as much when tabulating the results of the failed attempt to amend the 2016 Plan through the 2020 Proposal. Unfortunately, when issuing the 2020 Proxy, the Board members did not see fit to correct the false statements they had made in the 2019 Proxy or inform stockholders that the Purported Amendment had never actually been approved.

35.     Indeed, the Board has since admitted that its members tabulated stockholders' votes on the 2019 Proposal to approve the Purported Amendment under the incorrect "votes cast" standard set forth in the 2019 Proxy. Specifically, in a document filed in this action, Defendants conceded that "[t]he 2019 Proxy accurately disclosed the standard by which KushCo would count stockholder votes 'for' and 'against' the proposed amendment, and the votes were counted according to that disclosed standard." (Dkt. No. 29 at 4-5). In other words, *the Board members have unambiguously acknowledged that they intentionally did not count stockholders' votes as required by the standard set forth in the Bylaws*.

   **D.     The Board Amends the Bylaws and Keeps Material Information from Stockholders to Force through a Share Increase Proposal.**

36.     Having failed to garner stockholder approval of an increase in the number of shares authorized under the 2016 Plan through proposals requiring approval under the voting standard set forth in the Bylaws the previous two years, the

Board knew they would likely be unsuccessful if they proceeded with a third such vote. The Board thus took a different tack, namely: to change the Bylaws before trying again.

37.     On July 9, 2020, the Company filed with the SEC a Form 10-Q quarterly report, wherein the Defendants disclosed that "On July 6, 2020, the Company's Board of Directors approved the Company's Amended and Restated Bylaws" (the "New Bylaws"), "effective immediately[,] . . . to, among other things[,] . . . *change the voting standard* for matters presented for a vote of the Company's stockholders (other than the election of directors which remains a plurality vote) from the affirmative vote of the holders of a majority of the stock having voting power present in person or represented by proxy at the meeting to the affirmative vote of a majority of the votes cast by the stockholders at the meeting and entitled to vote on the subject matter". A blackline of the New Bylaws, showing changes made from the previous Bylaws, was appended to this filing. This appendix showed the changes to Article II, Section 8, which set forth the voting standard operative for matters other than the election of directors presented for a vote of KushCo's stockholders:

When a quorum is present or represented at any meeting, the vote of the holders of a majority of the stock having voting power present in person or represented by proxy shall decide any question brought before such meeting, unless the question is one upon which by express provision of the statutes or of the articles of incorporation a different vote is required in which case such express provision shall govern and control the decision of such question. Except as otherwise provided by law, the certificate of incorporation of the corporation or these bylaws, in all matters other than the election of directors, the affirmative vote of the majority of the votes cast by the shares of capital stock of the corporation present in person or represented by proxy at the meeting and entitled to vote on the subject matter shall be the act of the stockholders, provided a quorum is present. Subject to the rights of the holders of any series of preferred stock to elect additional directors under specific circumstances, directors shall be elected by a plurality of the votes cast at a meeting of the stockholders by the holders of stock entitled to vote in the election of directors, provided a quorum is present. Every stockholder of record of the corporation shall be entitled at each meeting of stockholders to one vote for each share of stock standing in his name on the books of the corporation.

38.     Next, KushCo filed with the SEC a Schedule 14A Definitive Proxy on December 28, 2020 (the "2021 Proxy"), through which the Board solicited stockholder approval of another amendment to the 2016 Plan, which was functionally identical to the rejected 2020 Proposal to authorize an additional 10,000,000 shares

under the 2016 Plan. Specifically, the Board solicited "approval of an amendment to the Company's 2016 Stock Incentive Plan to increase the maximum number of shares authorized for issuance thereunder by 10,000,000 shares to 28,000,000 shares" (the "2021 Proposal") at the annual meeting of stockholders to be held on January 28, 2021 (the "2021 Annual Meeting").

39.     The 2021 Proxy was materially omissive because it did not disclose the Board's inconsistent tabulation of stockholders' votes on the 2019 and 2020 Proposals, the subsequent adoption by the Board of the New Bylaws and how that might alter the impact on stockholders' votes, and the true reasons for—or consequences of failure to approve—the 2021 Proposal. In addition, every disclosure in the 2021 Proxy with respect to the total number of shares authorized to be awarded under the 2016 Plan was erroneous as such disclosures were based on the invalidly "approved" Purported Amendment.

40.     On January 29, 2021, KushCo filed a Form 8-K Current Report with the SEC in which it disclosed the following:

> The Amendment to increase the maximum number of shares authorized for issuance under the Plan by 10,000,000 shares to 28,000,000 shares was approved. The results of the vote were as follows:

| Votes For | Votes Against | Votes Abstained | Broker Non-Votes |
| --- | --- | --- | --- |
| 25,048,155 | 6,502,633 | 608,943 | 40,334,850 |

41.     Through mistabulation of stockholders' votes on the 2019 Proposal and submission of the 2021 Proposal to stockholders based on the materially omissive 2021 Proxy, Defendants have thus claimed to have increased the number of shares authorized under the 2016 Plan from 15,000,000 to 28,000,000. KushCo's executive officers and directors owned approximately 20 million shares as of the record date, which they presumably voted for the 2021 Proposal.[4]

---

[4] As of December 21, 2020, KushCo's executive officers and directors held

### E.   Defendants Have Issued Invalid Equity Awards.

42.    Despite the objective failure of the Purported Amendment, the Individual Defendants proceeded as if the Purported Amendment had carried and made use of the "additional" 3 million shares supposedly added to the 2016 Plan by issuing themselves and others stock awards covering at least 2,312,811[5] KushCo shares of stock.

43.    Among other awards, the Board members issued the following invalid awards to themselves and others at KushCo:

| Name | Title | Date | Type of Equity Award | Number of Shares Covered by the Award |
|---|---|---|---|---|
| Rodrigo de Oliveira | Chief Operating Officer | 10/30/2020 | Restricted Stock Unit | 110,189 |
| Stephen Christoffersen | Chief Financial Officer | 10/30/2020 | Restricted Stock Unit | 86,148 |
| Nicholas Kovacevich | CEO and Chairman | 10/30/2020 | Restricted Stock Unit | 120,207 |
| Rodrigo de Oliveira | Chief Operating Officer | 10/20/2020 | Restricted Stock Unit | 33,111 |
| Stephen Christoffersen | Chief Financial Officer | 10/20/2020 | Restricted Stock Unit | 41,406 |
| Nicholas Kovacevich | CEO and Chairman | 10/20/2020 | Restricted Stock Unit | 225,394 |
| Eric Baum | Director | 6/17/2020 | Stock Options | 33,750 |
| Donald H. Hunter | Director | 6/17/2020 | Stock Options | 36,250 |
| Peter A. Kadens | Director | 6/17/2020 | Stock Options | 12,500 |

_____

23,582,276 shares, including 42,857 shares issuable pursuant to stock warrants exercisable within 60 days of the record date, 2,920,739 shares issuable pursuant to options exercisable within 60 days of the record date, and 522,894 restricted shares.

[5] According to the 2021 Proxy, as of December 24, 2020, there were 687,189 shares purportedly remaining available for future awards under the 2016 Plan – erroneously assuming that the Purported Amendment was properly adopted.

| Name | Title | Date | Type of Equity Award | Number of Shares Covered by the Award |
|---|---|---|---|---|
| Barbara Goodstein | Director | 6/17/2020 | Stock Options | 33,750 |
| Dallas Imbimbo | Director | 6/17/2020 | Stock Options | 12,500 |
| Peter A. Kadens | Director | 6/1/2020 | Restricted Stock Unit | 95,502 |
| Rodrigo de Oliveira | Chief Operating Officer | 4/24/2020 | Performance Restricted Stock Unit | 75,000* |
| Stephen Christoffersen | Chief Financial Officer | 4/24/2020 | Performance Restricted Stock Unit | 40,000* |
| Nicholas Kovacevich | CEO and Chairman | 4/24/2020 | Performance Restricted Stock Unit | 125,000* |
| Rodrigo de Oliveira | Chief Operating Officer | 4/24/2020 | Performance Stock Options | 267,500* |
| Stephen Christoffersen | Chief Financial Officer | 4/24/2020 | Performance Stock Options | 233,500* |
| Nicholas Kovacevich | CEO and Chairman | 4/24/2020 | Performance Stock Options | 370,000* |
| Dallas Imbimbo | Director | 1/15/2020 | Restricted Stock Unit | 43,604 |
| Donald H. Hunter | Director | 1/15/2020 | Restricted Stock Unit | 43,604 |
| Eric Baum | Director | 1/15/2020 | Restricted Stock Unit | 43,604 |
| Barbara Goodstein | Director | 1/15/2020 | Restricted Stock Unit | 43,604 |
| Rodrigo de Oliveira | Chief Operating Officer | 1/15/2020 | Restricted Stock Unit | 40,698 |
| Jason Vegotsky | Chief Revenue Officer | 1/15/2020 | Restricted Stock Unit | 49,419 |
| Christopher Tedford | Chief Financial Officer | 1/15/2020 | Restricted Stock Unit | 40,698 |

| Name | Title | Date | Type of Equity Award | Number of Shares Covered by the Award |
|---|---|---|---|---|
| Nicholas Kovacevich | CEO and Chairman | 1/15/2020 | Restricted Stock Unit | 58,140 |
| Rodrigo de Oliveira | Chief Operating Officer | 12/2/2019 | Restricted Stock | 33,139 |
| Jason Vegotsky | Chief Revenue Officer | 12/2/2019 | Restricted Stock | 33,139 |
| Christopher Tedford | Chief Financial Officer | 12/2/2019 | Restricted Stock | 15,769 |
| Nicholas Kovacevich | CEO and Chairman | 12/2/2019 | Restricted Stock | 43,604 |
| Christopher Tedford | Chief Financial Officer | 3/1/2019 | Stock Options | 100,000 |
| Jason Vegotsky | Chief Revenue Officer | 3/1/2019 | Restricted Stock | 75,000 |
| Jason Vegotsky | Chief Revenue Officer | 3/1/2019 | Stock Options | 250,000 |
| Rodrigo de Oliveira | Chief Operating Officer | 3/1/2019 | Stock Options | 100,000 |
| | | | **Total =** | **2,965,729** |

\* These numbers represent restricted stock units and options that were granted on April 24, 2020 and vested on January 14, 2021 based on satisfaction of performance criteria for the fiscal year ended August 31, 2020. It is unknown how many more shares covered by these awards will vest based on performance in subsequent fiscal years.

44.   Because the Purported Amendment was not approved by KushCo's stockholders and the 2021 Proposal was predicated on materially omissive disclosures, each of the above awards was issued in violation of the 2016 Plan.

## V.   Class Action Allegations

45.   Plaintiff, a stockholder in the Company, brings this action as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of all similarly situated KushCo stockholders (the "Class"). Excluded from the Class are the Defendants named herein and any person, firm, trust, corporation, or other entity

1   related to or affiliated with any Defendant.

2       46.    This action is properly maintainable as a class action.

3       47.    The Class is so numerous that joinder of all members is impracticable.

4   As of January 8, 2021, there were 132,142,375 outstanding shares of KushCo

5   common stock.

6       48.    There are questions of law and fact which are common to the Class,

7   including, *inter alia*, whether:

8       a.   Whether the Individual Defendants breached their fiduciary duties

9       to KushCo stockholders;

10      b.   Whether Defendants violated the Company's Bylaws by

11      miscounting votes on the Purported Amendment;

12      c.   Whether the 2021 Proxy omitted information material to

13      stockholders' votes on the 2021 Proposal; and

14      d.   Whether Plaintiff and the other members of the Class are entitled

15      to declaratory relief.

16      49.    Plaintiff is committed to prosecuting this action, is an adequate

17  representative of the Class, and has retained competent counsel experienced in

18  litigation of this nature.

19      50.    Plaintiff's claims are typical of those of the other members of the Class.

20      51.    Plaintiff has no interests that are adverse to the Class.

21      52.    Defendants' actions have affected Plaintiff and all other Class members

22  alike, such that injunctive and/or corresponding declaratory relief with respect to the

23  entire Class is appropriate.

24      53.    The prosecution of separate actions by individual members of the Class

25  would create the risk of inconsistent or varying adjudications for individual members

26  of the Class, which may as a practical matter be dispositive of the interests of the other

27  members not parties to the adjudications or substantially impair or impede other

28  members' ability to protect their interests. Litigation of separate actions would also

create the risk of establishing incompatible standards of conduct for the party opposing the Class.

54.    Plaintiff anticipates that there will be no difficulty in the management of this litigation.  A class action is superior to other available methods for the fair and efficient adjudication of this controversy, and common questions of law and fact predominate over individual inquiries.

## VI.    Demand Futility Allegations

55.    Plaintiff has not made a demand on the Board to institute this action against Defendants because, for the reasons detailed herein, any such demand would have been futile.

56.    At the time this action was filed, KushCo's Board was comprised of Kovacevich, Baum, Goodstein, Hunter, Kadens, and Imbimbo.

57.    Demand is excused because each of the Individual Defendants faces a substantial likelihood of liability for breaching their fiduciary duties to KushCo stockholders.

58.    Each member of the Board owes KushCo stockholders the utmost fiduciary duty of loyalty. In violation of this duty, the members of the Board caused the Company to disseminate disclosures in the 2019 Proxy concerning the voting threshold necessary for approval of the 2019 Proposal which they knew were false and misleading. Thereafter, with knowledge that they were proceeding under the incorrect standard, the Board wrongly tabulated the results of stockholders' vote on the 2019 Proposal, declared that the 2019 Proposal had been approved when it had not, and proceeded to issue equity awards covering shares supposedly "authorized" by the Purported Amendment.

59.    The Board again breached its members' duty of loyalty by issuing the materially omissive 2021 Proxy, thereby keeping KushCo stockholders in the dark concerning facts necessary for an informed vote on the 2021 Proposal.

60.    Because such breaches cannot be indemnified by the Company, the

Individual Defendants face a substantial likelihood of liability for their misconduct and therefore as a matter of law cannot consider any stockholder demand that the Board to take action in an independent and disinterested fashion. Accordingly, demand is futile as to the entire Board.

61.     Demand is also futile as to the entire Board because the Individual Defendants received equity awards covering shares supposedly "authorized" by the Purported Amendment. Each member of the Board is therefore personally interested in the subject matter of this Complaint and as a result is incapable as a matter of law of considering any stockholder demand requiring the Board to take action in an independent and disinterested fashion. For this additional reason, demand is futile as to the entire Board.

## VII.   Claims for Relief

**COUNT I**
BREACH OF FIDUCIARY DUTY
*(Direct Claim against the Individual Defendants)*

62.     Plaintiff realleges each allegation pleaded above.

63.     The Individual Defendants owe fiduciary duties to KushCo stockholders, including the duties of care, disclosure, good faith, and loyalty.

64.     By virtue of their positions as directors and/or officers of KushCo and/or their exercise of control and ownership over the business and corporate affairs of the Company, the Individual Defendants have, and at all relevant times had, the power to control and influence and did control and influence and cause the Company to engage in the practices complained of herein. Each Individual Defendant was required to cause the Company to accurately count stockholders' votes and comply with the Company's Bylaws. Each Individual Defendant was likewise dutybound to disclose all facts material to informed voting on matters submitted to KushCo stockholders for their approval.

65.     The Individual Defendants failed to fulfill their fiduciary duties by purposefully mistabulating the vote on the 2019 Proposal under an incorrect voting

1  standard and acting as if the stockholders had voted to approve the Purported
2  Amendment when, in fact, they did not.

3        66.    The Individual Defendants failed to fulfill their fiduciary duties by
4  intentionally omitting material information from the 2021 Proxy when soliciting
5  stockholder approval of the 2021 Proposal. These facts, which were known to the
6  Board by dint of, among other things, this litigation, included the Board's inconsistent
7  tabulation of stockholders' votes on the 2019 and 2020 Proposals, the subsequent
8  adoption by the Board of the New Bylaws and how that might alter the impact on
9  stockholders' votes, and the true reasons for—or consequences of failure to
10 approve—the 2021 Proposal.

11       67.    As a result of these actions of the members of the Board, Plaintiff and
12 the members of the Class have been and will be injured.

13       68.    Plaintiff has no adequate remedy at law.

14                              **COUNT II**
                         BREACH OF FIDUCIARY DUTY
15              *(Derivative Claim against the Individual Defendants)*

16       69.    Plaintiff realleges each allegation pleaded above.

17       70.    The Individual Defendants owe fiduciary duties to KushCo, including
18 the duties of care, disclosure, good faith, and loyalty.

19       71.    By virtue of their positions as directors and/or officers of KushCo and/or
20 their exercise of control and ownership over the business and corporate affairs of the
21 Company, the Individual Defendants have, and at all relevant times had, the power to
22 control and influence and did control and influence and cause the Company to engage
23 in the practices complained of herein. Each Individual Defendant was required to
24 comply with the terms of the Company's 2016 Plan when issuing equity awards.
25 Notwithstanding the foregoing, the Individuals Defendants caused the Company to
26 issue invalid equity awards that were not authorized under the 2016 Plan because the
27 Purported Amendment was never approved by KushCo's stockholders.

28       72.    The Individual Defendants failed to fulfill their fiduciary duties by

intentionally issuing such equity awards contrary to the 2016 Plan.

73.    As a result of these actions of the Individual Defendants, the Company has been harmed.

74.    The Company has no adequate remedy at law.

**COUNT III**
DECLARATORY RELIEF
*(Direct Claim against All Defendants)*

75.    Plaintiff incorporates by reference and realleges each allegation set forth above.

76.    The facts and circumstances pleaded herein have given rise to an actual controversy which currently exists between Plaintiff, on one hand, and Defendants, on the other hand, concerning their respective rights and duties under Nevada law.

77.    By improperly counting Class members' votes on the 2019 Proposal, the members of the Board violated the Company's Bylaws and held out the Purported Amendment as approved when no such approval was ever secured.

78.    By issuing the materially omissive 2021 Proxy when soliciting stockholders' approval of the 2021 Proposal, the Board denied KushCo stockholders the ability to cast an informed vote.

79.    Plaintiff desires a judicial determination and declaration that the Purported Amendment is void because it was not approved by KushCo stockholders.

80.    Plaintiff desires a judicial determination and declaration that any actions taken as a consequence of the stockholders' purported approval of the 2021 Proposal are void because the stockholders were denied their right to cast an informed vote because they were not provided with information material to their vote.

81.    These judicial declarations are necessary and appropriate at this time under the circumstances so that KushCo stockholders' voting rights may be protected and no further equity awards issue under any purported increase in the number of shares authorized under the 2016 Plan.

## VIII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests entry of an order:

A.     Declaring that the Purported Amendment was not approved by stockholders and is therefore void;

B.     Declaring that any equity awards granted under the 2016 Plan that cover shares in excess of the 15 million shares authorized thereunder are void;

C.     Declaring that any actions taken pursuant to the purported approval of the 2021 Proposal are void;

D.     Enjoining future votes on equity incentive plan amendments where complete disclosure of material information is not made prior to the vote;

E.     Enjoining future grants of equity awards until any amendment to increase the maximum number of shares authorized for issuance under the 2016 Plan from 15 million shares, or any new equity incentive plan, is properly approved by KushCo stockholders;

F.     Finding the Individual Defendants liable for breaching their fiduciary duties;

G.     Certifying the proposed Class and awarding its members compensatory damages, together with pre- and post-judgment interest;

H.     Awarding Plaintiff the costs and disbursements of this action, including attorneys, accountants, and experts' fees; and

I.     Awarding such other and further relief as is just and equitable.

1    Dated: February 26, 2021            Respectfully submitted,

2                                        **BRAGAR EAGEL & SQUIRE, P.C.**

3    OF COUNSEL:                          /s/ *Melissa A. Fortunato*

4    **FIELDS KUPKA & SHUKUROV LLP**     Melissa A. Fortunato (#319767)
     Christopher J. Kupka                    fortunato@bespc.com
5        ckupka@fksfirm.com              445 S. Figueroa Street, Suite 3100
6    1441 Broadway, 6th Floor #6161      Los Angeles, CA 90071
     New York, NY 10018                  Tel: (213) 612-7222
7    (T) 212.231.1500
8    (F) 646.851.0076                    **CROWELL LAW FIRM**
                                         Joshua L. Crowell (#295411)
9                                           joshua@jlcrowell.com
10                                       350 South Grand Avenue
                                         Suite 150
11                                       Los Angeles, CA 90037

12                                       *Attorneys for Plaintiff*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**VERIFICATION**

I, James Choate, hereby verify that I have authorized the filing of the attached Verified First Amended Stockholder Derivative and Class Action Complaint, that I have reviewed the Verified First Amended Stockholder Derivative and Class Action Complaint and that the facts therein are true and correct to the best of my knowledge, information and belief. I declare under penalty of perjury that the foregoing is true and correct.

February ____24th____, 2021



James Choate III (Feb 24, 2021 07:48 MST)
_____
James Choate